Michael E. Brewer (SBN 177912)
michael.brewer@bakermckenzie.com
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

Kimberly F. Rich (SBN 185507)
kimberly.rich@bakermckenzie.com
**Baker & McKenzie LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

Lily S. Duong (SBN 322274)
lily.duong@bakermckenzie.com
**Baker & McKenzie LLP**
10250 Constellation Boulevard Suite 1850
Los Angeles, California 90067
Telephone: (310) 201-4728
Facsimile: (310)201-4721

Attorneys for Defendant
MARTEN TRANSPORT, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MORA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARTEN TRANSPORT LTD, a Delaware corporation; and DOES 1 to 50,<br><br>Defendants. | Case No. 3:23-cv-06004<br><br>(Removed from Santa Clara County Superior Court, Case No. 23CV424420)<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA)**<br><br>Complaint Filed: October 19, 2023<br>Trial Date: none set |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R. Civ. P. 81(c), Defendant Marten Transport, Ltd. ("Marten" or "Defendant") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 23CV424420 in the Superior Court of the State of California for the County of Santa Clara. As set forth below, removal is proper based on the Class Action Fairness Act of 2005 ("CAFA").

## I.    TIMELINESS OF REMOVAL

1. On October 19, 2023, Plaintiff Hector Mora, on behalf of himself, and all others similarly situated ("Mora" or "Plaintiff") filed a class action complaint against Marten in the Superior Court of California, County of Santa Clara, Case No. 23CV424420. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Complaint, Civil Case Cover Sheet, Civil Lawsuit Notice, Plaintiff's Proof of Service of Process on Marten, and Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline are attached hereto as Exhibits A to G to the Declaration of Lily Duong ("Duong Decl.") filed concurrently herewith.

2. Plaintiff served Marten with the Summons and Complaint on October 20, 2023. [*See* Duong Decl. at ¶¶ 3–4, Ex. B, C.] This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove commences upon service of the summons and complaint).

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Marten pursuant to the CAFA, 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code

of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. at ¶¶ 11, 45.

5.  Plaintiff alleges in the Complaint that he "brings this action on behalf of himself and the Class Members pursuant to section 382 of the Code of Civil Procedure." [Compl. at ¶ 45.]

6.  Plaintiff's Complaint alleges violations of (i) California Labor Code ("Labor Code") §§ 201, 202, 203, 204, 210, 226, 226.3, 256, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804; and (ii) California's Unfair Competition Law ("UCL"), based on alleged failure to pay for all hours worked. [*See generally* Compl.]

7.  Plaintiff seeks "an order certifying the proposed class;" "an order appointing Plaintiff as representative of the class;" "an order appointing Plaintiff's counsel as counsel for the class;" judgment for "the failure to pay all minimum wages, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 1194, 1194.2, 1197, and others as may be applicable;" judgment for "the failure to maintain accurate employment records, penalties pursuant to Labor Code sections 226.3, 1174.5, and others that may be applicable;" judgment for "the failure to pay wages timely during employment, the unpaid balance of the compensation owed to Plaintiff and the other Class Members and any applicable penalties owed to them pursuant to Labor Code section 210;" judgment for "the failure to pay all wages earned and unpaid at separation, statutory waiting time penalties pursuant to Labor Code sections 201 through 203, for the Class Members who quit or were fired in an amount equal to their daily wage multiplied by thirty days, as may be proven;" judgment for "the failure to indemnify all necessary business expenditures, all unreimbursed business expenses, and interest thereon, that are owed, pursuant to Labor Code section 2802, and attorney fees, pursuant to Labor Code section 2802, subdivision (c);" judgment for "the violations of California's Unfair Competition Law, restitution to Plaintiff and the other Class Members of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code sections 17200 through 17210;" "[p]rejudgment interest on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;" "attorneys' fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section 1021.5, and others as may be

applicable;" and "an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint." [Compl. at Prayer for Relief.]

8. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs, but including attorneys' fees; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9. Marten denies any liability as to the claims of the putative class members. Marten expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. For purposes of meeting the jurisdictional requirements for removal only, however, Marten submits that this action satisfies all requirements for federal jurisdiction under CAFA. Specifically, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.    The Putative Class Consists Of More Than 100 Members**

10. Plaintiff's putative class encompasses "*[a]ll individuals who are or were employed by Defendants as truck drivers in California during the Class Period.*" [Compl. at ¶ 3.] Marten has a good-faith basis to believe, and on that basis avers, that during the period of October 19, 2019 to the present, there are at least 1,398 truck drivers who drove for Marten in California. [*See* Declaration of Susan Deetz ("Deetz Decl.") at ¶ 3.][1] Accordingly, while Marten denies that class treatment is permissible or appropriate, based on the Complaint allegations, the proposed class plainly consists of more than 100 members.

///

---

[1] The Notice of Removal "need not contain evidentiary submissions," and Marten reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

4

**B.     The Amount Placed in Controversy Exceeds $5 Million**

11.     Although Marten denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the sums sought in the Complaint, Marten avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery exceeds $5 million.

12.     Plaintiff's allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."). As demonstrated below, the $5 million threshold is easily met by considering Plaintiff's claims and damages theories.

13.     <u>Minimum Wage Penalties</u>.  Plaintiff asserts that members of the putative class were "not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants" while off-the-clock "and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Order" in violation of Labor Code §§ 1194 and 1197.  [Compl. at ¶¶ 21–28.]  Labor Code § 1197.1 provides for a penalty of one hundred dollars ($100) per employee per initial violation and two hundred fifty dollars ($250) per employee for each subsequent violation plus an amount sufficient to recover underpaid wages, liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203.

14.     Marten denies that it failed to pay Plaintiff or any putative class member any wages due and that it violated Labor Code §§ 1194 or 1197 in any manner whatsoever.  Nevertheless, applying Labor Code § 1197.1's penalties to Plaintiff's claims —for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$52.2 million** at issue.[2]  [Deetz Decl. at ¶¶ 3–4.]  This alone satisfies the $5 million threshold for CAFA.

///

---

[2] The calculation: 3 years (statute of limitations) x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = <u>150 violations per driver</u>. (1 initial violation x $100) + (149 subsequent violations x $250) = <u>$37,350 in penalties per driver</u>.  1,398 drivers x $37,350 = $52,215,300.

5

15. <u>Untimely Wage Payments During Employment</u>. Plaintiff brings a claim for failure to timely pay Plaintiff and putative class members for all hours worked during their employment within seven calendar days following the close of payroll under Labor Code § 204. [Compl. at ¶¶ 31, 65, 69.] Plaintiff also claims that the penalty for violations of Labor Code § 204 are provided in Labor Code § 210, which states that the initial violation is one hundred dollars ($100) for each failure to pay each employee and any subsequent violation is $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16. Marten denies that it failed to timely pay Plaintiff or any putative class member for all hours worked during their employment. Marten further denies that it has violated Labor Code § 204 in any manner. But applying Plaintiff's claims and proposed class—for the purposes of meeting the jurisdictional requirements for removal *only*—puts more than **$41.8 million** at issue.[3] [*See* Deetz Decl. at ¶¶ 3–4.]

17. <u>Untimely Wage Payments at Separation.</u> Plaintiff brings a claim for failure to timely pay Plaintiff and putative class members for all hours worked upon discharge or resignation under Labor Code § 203. Plaintiff further alleges that Marten is liable to the formerly-employed putative class members for "waiting time penalties amounting to thirty day wages."

18. Marten denies that it failed to timely pay Plaintiff or any putative class member for all hours worked upon their discharge or resignation. Marten further denies that it has violated Labor Code § 203 in any manner. But applying Plaintiff's claims and proposed class—for the purposes of meeting the jurisdictional requirements for removal *only*—puts at least **$5 million**[4] at issue.

---

[3] The calculation: 3 years (statute of limitations) x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = <u>150 violations per driver</u>. (1 initial violation x $100) + (149 subsequent violations x $200) = $29,900 plus 25% of the unlawfully withheld amount in penalties per driver. 1,398 drivers x $29,900 = <u>$41,800,200</u>. In addition to the $41.8 million, Marten would also be liable for paying a penalty of 25% of the unlawfully withheld amount in penalties x 1,398 drivers.
[4] The calculation: 1,398 drivers who drove in California x $12 (the lowest California minimum wage within the proposed 4-year class period) x 10 hours (assuming a full day of driving is 10 hours) x 30 days = <u>$5,032,800</u>. Because California's minimum wage steadily increased throughout the proposed class period, applying the higher minimum wage rates would increase the amount in controversy.

19. <u>Unpaid Business Expense Reimbursements.</u> Plaintiff also brings a claim against Marten for failing "to fully reimburse the Class Members for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone they required to perform their work" in violation of Labor Code § 2802. [Compl. at ¶ 37.] Labor Code § 2802 provides that the civil penalty for violating this section of the California Labor Code is one hundred dollars ($100) per employee per initial violation and two hundred fifty dollars ($250) per employee for each subsequent violation plus an amount sufficient to recover underpaid wages.

20. Marten denies that it failed to fully reimburse Plaintiff or any putative class member for all necessary expenditures incurred as direct consequence and requirement of performing their job duties. Marten further denies that it has violated Labor Code § 2802 in any manner. But applying Plaintiff's claims and proposed class—for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$52.2 million** of a civil penalty at issue.[5]

21. <u>Inaccurate Wage Statement Penalties</u>. Plaintiff also asserts that Marten "failed to provide accurate itemized wage statements," in violation of Labor Code § 226 et seq. [Compl. at ¶ 38.] Labor Code § 226(e) provides for a penalty of fifty dollars ($50) per employee per initial violation and one hundred dollars ($100) per employee for each subsequent violation, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee.

22. Marten denies that it failed to provide Plaintiff or any putative class member accurate wage statements and that it violated Labor Code § 226 in any manner whatsoever. Nevertheless, applying Labor Code § 226(e)'s penalties to Plaintiff's claims—for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$5.6 million** at issue.[6] Deetz Decl. at ¶¶ 3–4.

---

[5] The calculation: 3 years (statute of limitations) x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = <u>150 violations per driver</u>. (1 initial violation x $100) + (149 subsequent violations x $250) = <u>$37,350 in penalties per driver</u>. 1,398 drivers x $37,350 = <u>$52,215,300</u>.

[6] The calculation: 1 year (statute of limitations) x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = <u>50 violations per driver</u>. (1 initial violation x $50) + (49 subsequent violations x $100) = <u>$4,950 in penalties per driver</u> – however, this triggers § 226(e)'s $4,000 penalty cap. Therefore, 1,398 drivers x $4,000 = <u>$5,592,000</u>.

23. <u>Recordkeeping Violation Penalties.</u> Plaintiff also alleges that Defendants "failed to accurately track hours worked by the Class Members," failing "to keep accurate records of the 'total hours worked by the employee[s]' in violation of Labor Code section 226, subdivision (a)." Plaintiff states that such violations subject Marten to a civil penalty provided in Labor Code section 226.3, which includes "an amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.3." [Compl. at ¶ 41.] Additionally, Plaintiff also asserts that Marten violated Labor Code § 1174 by failing to "keep a record of all 'payroll records showing the hours worked daily by'" Marten's employees, including Plaintiff the other putative class members. [Compl. at ¶¶ 42, 44.]

24. Marten denies any failure to keep accurate records of the total number of hours worked by its employees. Nevertheless, applying Labor Code § 226.3's penalties to Plaintiff's claims—for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$68.6 million** at issue.[7] Applying Labor Code § 1174.5's penalties would add another $500 to the total amount at issue.

25. <u>Attorneys' Fees.</u> Plaintiff also seeks "attorneys' fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section 1021.5, and others as may be applicable." [Compl. at Prayer for Relief.] It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent." (citation

---

[7] The calculation: 1 year (statute of limitations) x 50 weekly pay periods (assuming 2 weeks off per year) x 1 violation per pay period = <u>50 violations per driver</u>. (1 initial violation x $250) + (49 subsequent violations x $1,000) = <u>$49,050 in penalties per driver</u>. 1,398 drivers x $49,050 = $68,571,900.

omitted)); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

26. Marten denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark in this case. But, for purposes of this jurisdictional analysis *only*, Marten relies on Plaintiff's allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees places over **$56 million** in controversy, in addition to the other civil penalties.

27. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 135 S. Ct. at 554) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."); *Lewis*, 627 F.3d at 401 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (emphasis added).

**C.   Minimal Diversity Exists Because The Putative Class Includes Non-California Citizens**

28. The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C.§ 1332(d)(2)(A).

29. Plaintiff seeks to represent a class of "*[a]ll individuals who are or were employed by Defendant as truck drivers in California during the Class Period*," alleging that Plaintiff and the Class Members are residents of California. [Compl. at ¶¶ 10, 18.] Marten operates within California, but is a Wisconsin corporation. Because Marten, from whom significant relief is sought by members of the plaintiff class, is not a citizen of California, where this action was originally filed, the local controversy exception to CAFA does not apply to Plaintiff's action. *See* 28 U.S.C. § 1332(d)(4)(A). Marten avers, for the purpose of removal only, that the putative class includes

individuals who are citizens of other states.

30. Because the putative class purports to encompass anyone who worked in California, and includes over-the-road truck drivers, common sense dictates that the putative class includes people who are not citizens of California. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (proposed class of "California merchants" included merchants that were not California citizens); *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (proposed class of people who made certain phone calls in California "[b]y its terms . . . includes individuals who were physically located in, but were no residents of, California"); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (proposed class of state "residents" includes temporary residents like "college students" who are citizens of "other states"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (state "residents" are not state "citizens" under CAFA).

31. Marten avers, for the purposes of removal, that many truck drivers who have driven for Marten in California are not citizens of this State.

32. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). Plaintiff's residences in California and Marten's Wisconsin headquarters satisfy CAFA's minimal diversity requirement.

33. Because Marten has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

34. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

///

(a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);
(b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);
(c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and
(d) a member of the putative class is a citizen of a state different from Marten as required by § 1332(d)(2)(A).

35. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

36. The United States District Court for the Northern District of California, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, in the Superior Court of Santa Clara County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

37. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A-G to the Declaration of Lily Duong filed concurrently herewith.

38. Upon filing the Notice of Removal, Marten will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Santa Clara County, pursuant to 28 U.S.C. § 1446(d).

39. WHEREFORE, Marten hereby removes to the Court the above action pending against it in the Superior Court of California, Santa Clara County.

Dated: November 20, 2023               **Baker & McKenzie LLP**

By: /s/ *Michael E. Brewer*
Michael E. Brewer
Kimberly F. Rich
Lily S. Duong
Attorneys for Defendant
MARTEN TRANSPORT, LTD.